FILED
11/18/20 1:03 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re: : Case No.: 19-24312-GLT
: Chapter: 13
Karen Lee Golik :
:
: Date: 11/18/2020
*Debtor(s).* : Time: 09:30

## PROCEEDING MEMO

**MATTER:** #69 - Order to Show Cause Why Case Should Not Be Dismissed
#77 - Response filed by Debtor

#56 - Continued Motion for Relief from Automatic Stay by Bank of America, N.A.
#65 - Response filed by Debtor

#59 - Confirmation of Amended Chapter 13 Plan Dated September 30, 2020

**APPEARANCES:**
Debtor: Justin Schantz
Trustee: Owen Katz
BOA: Keri Ebeck

**NOTES:** (9:29)

Schantz: We provided the insurance declaration sheet to the lender.

Ebeck: The page was provided and the debtor has entered into LMP. The motion for relief should have withdrawn before today and I request it be withdrawn now.

Court: There has been an issue about feasibility and whether a tenant could be secured - has there been any movement towards securing rental income?

Schantz: There hasn't been. I've been focusing on LMP.

Court: It's preferable to cover both bases to augment income since the Debtor proposed the option of getting a renter. If there's a prospect for additional income, that would help the Debtor with the consistency of payments. Has the lender reviewed the LMP package?

Schantz: The LMP package was filed in full on November 13, yesterday it was reviewed, and we got a rejection because they couldn't locate the loan number. I'm going to contact the Debtor to see if that was a typographical error.

Court: The response lists the property value as $242,000, whereas the schedules listed it as worth $150,000. Where is the difference coming from?

Schantz: In the motion, that value is based on what the county says it's worth based on property taxes. We believe the assessment is overvalued

Court: Where are we with respect to payments?

Katz: Payments are being made under the plan based on the payments listed in the plan.

Court: Concerning the Patton Street property, the Debtor indicated she was going to abandon, since a motion for relief from stay was recently filed, does the Debtor consent?

Schantz: Debtor has no objection.

Court: I will continue for 120 days, but that is based on the expectation that LMP will be concluded within that time period. I expect Debtor to promptly respond to reasonable requests from the creditor, and if the creditor is the issue, I expect that to be brought to my attention promptly. This is the last chance to salvage the case, and it cannot be prolonged beyond this timer period. I will expect to have results on LMP in that time. Status report from the debtor within 90 days.

**OUTCOME:**

1. *Order to Show Cause Why Case Should Not Be Dismissed* [Dkt. No. 69] is CONTINUED to March 10, 2021 at 9 a.m. [Text Order to Issue]

2. Bank of America, N.A.'s *Continued Motion for Relief from Automatic Stay* [Dkt. No. 56] is DENIED as withdrawn [Text Order to Issue]

3. Debtor's *Confirmation of Amended Chapter 13 Plan Dated September 30, 2020* [Dkt. No. 59] is CONTINUED to March 10, 2021 at 9 a.m. [Text Order to Issue]

4. On or before February 16, 2021, the Debtor shall file a Status Report [Text Order to Issue]

**DATED:** 11/18/2020