IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:  Karen Lee Golik,<br>　　　　　　Debtor, | Bankruptcy No: 19-24312-GLT<br>Chapter 13 |
| Karen Lee Golik,<br>　　　　Movant,<br>　　vs.<br>Reverse Mortgage Solutions<br>　　　　Respondents | Docket Document No. 123<br><br>Related to Document No. 120 |

**STATUS REPORT RE: ONGOING LOSS MITIGATION**

　　　　AND NOW the Debtors/Movant Karen Lee Golik, through counsel Justin P. Schantz, Esquire, files this Status Report concerning the pending Loss Mitigation.

　　　　1)　　Previously, this Court ordered the debtor to file a Status Report concerning the progress with loss mitigation.

　　　　2)　　As indicated at the prior hearing on this matter, the only available options in this case for a modification would be a short payoff through a new reverse mortgage or other financing, a short sale, or a deed in lieu of foreclosure.

　　　　3)　　Unfortunately, so far the Debtor has not had success in finding replacement financing for the Jeffrey Drive property.

　　　　4)　　That being said, earlier this month the Debtor obtained an unexpected offer concerning the Patton Lane property, which the Debtor previously marked to be surrendered, and for which relief from stay was granted earlier this year.

　　　　5)　　More specifically, the Debtor has been contacted by a potential buyer who is interested in a rent-to-own option for that property.

　　　　6)　　As the Debtor previously informed this Court, the Patton Lane property is currently in an unsellable condition, and would require substantial cleaning and repairs to be made sellable – resources the Debtor does not have.

7) Under the idea for the potential agreement, the buyer would make monthly rental payments for the property, while conducting repairs of the same at his own expense. Once repairs necessary to bring the home up to FHA standards are completed, the potential buyer would obtain financing to purchase the property in full.

8) While the parties have not agreed on a potential purchase price, and have not prepared a formal, written agreement for the same, such an agreement could provide additional income for the estate, and if a sale is successful, could provide additional estate financing through the sale as well, above and beyond the value of the lien.

9) Given relief from stay previously was granted for the Patton Lane property, it is likely any agreement would need the cooperation of the mortgage company, and also would need coordination and/or agreement with the Office of the Chapter 13 Trustee, as well as approval by this Court.

10) Counsel for the Debtor is in the process of preparing a draft rent-to-own agreement at this time.

WHEREFORE, the Debtor so reports.

Respectfully Submitted,
/s/Justin P. Schantz
Justin P. Schantz, Esquire
Attorney for the Debtor
PA.I.D.No. 210198
David A. Colecchia and Associates
324 South Maple Avenue
Greensburg, PA 15601
(724)-837-2320
jschantz@my-lawyers.us